# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE:  JOHN M. C. WOODRUFF, § | CASE NUMBER: **17-70070-JTL** |
| Debtor. § | |
| § | CHAPTER 7 |

## MOTION FOR TEMPORARY RESTRAINING ORDER

COMES NOW DEBTOR JOHN WOODRUFF in motion for temporary restraining order enjoining the Trustee and Trustee's counsel from interfering with the estate of Debtor's deceased grandfather. Wherefore, Debtor states as follows:

1) Debtor filed a voluntary Chapter 7 petition on January 23, 2017.

2) Debtor proceeded *pro se* due to lack of funds to hire legal counsel and since filing, has relocated to Birmingham, Alabama.

3) Subsequent to the 341 meeting of creditors, Debtor was contacted on May 22, 2017 by a Birmingham, Alabama attorney advising Debtor that Debtor was heir to his grandfather's estate.

4) Debtor immediately informed the Trustee by phone and on May 28, 2017 Debtor amended his 341 testimony via a 28 U.S.C. § 1746 declaration.

5) At Trustee's request, Debtor also furnished Trustee with a copy of his grandfather's Will.

6) Trustee subsequently entered several filings upon the record (Doc 52, Doc 53, Doc 54, Doc 55, Doc 56) on June 7, 2017.

7) Among Trustee's filings was an application to employ Kelley, Lovett, Blakey & Sanders, P.C. as attorneys for Trustee (Doc 54).

8) Before THE COURT had even ruled on said application, attorney Thomas Lovett telephoned and emailed the Birmingham law firm representing the decedent estate demanding turnover of property devised to Debtor.

9) Attorney Douglas McWhorter, on behalf of the estate, replied with detailed instructions as to what the Trustee would need to do to facilitate such transfer, and also proposed a mechanism by which to make such transfers that ensured that any of Debtor's lawful exemptions would be protected.

10) Still acting without authority of THE COURT, Lovett flatly refused and "demand[ed] that the Personal Representative immediately distribute to the Trustee all funds and property to which John Woodruff is entitled under the will."

11) Lovett further demanded that certain corporate securities be converted to physical shares (which the company no longer issues) or be liquidated *in toto* and the sums sent to the Trustee (where such liquidation would contravene the Will's express covenant).

12) Meanwhile, Debtor replied to McWhorter and Lovett that the latent facts and events were so recent that Debtor had not had time to amend his schedules.

Debtor further advised that there was considerable pre-petition exemption to be asserted. Furthermore, even absent such exemption, Debtor asserted that the Trustee is only entitled to the share value as of the date of the petition—which is the sum that the Trustee indicated on Form 1 (Doc 54, p.3).

13) On June 15, 2017 McWhorter apprised Debtor of Lovett's email demands and advised Debtor that the attorneys for the decedent estate felt it necessary to petition the Probate Court (in Alabama) to judicially resolve the conflict between Lovett's demand for *in toto* liquidation and the Will's restrictive condition of the devise.

14) On June 15, 2017, Debtor placed a call to Lovett and, failing to reach him, left a message with his assistant.

15) On June 16, 2017, Debtor placed another call to Lovett and, failing to reach him, left a voicemail.

16) Later in the afternoon, Lovett returned Debtor's call. In the conversation that ensued, Lovett stated that he had not reviewed Debtor's schedules nor Debtor's declaration. Lovett also refused to consider proposals that would avoid undue legal expense to the decedent estate.

17) Debtor specifically advised Lovett that amended schedules would be forthcoming over the weekend to exempt much of the property bequeathed by his

grandfather, and Debtor in fact amended his Schedules AB and C on June 19, 2017.

18) Nevertheless, upon amending said schedules, Lovett commenced an adversarial proceeding against Debtor and Debtor's uncle (as administrator of the decedent estate) demanding transfer of even the exempt property.

19) Debtor is greatly troubled by Lovett's actions which Debtor would characterize as the proverbial bull in a china shop.

20) As to specific acts, Lovett first acted without authority of THE COURT demonstrating needless urgency and complete disregard for the lawful exemptions to which Debtor is entitled. Second, Lovett's manner of communication with attorneys for the decedent estate recklessly caused legal expenses to be incurred by the decedent estate. Third, Lovett refused to work amicably and professionally with the decedent estate's attorneys to reach an effective solution. Fourth, by commencing an adversarial proceeding without exploring more economical options to transfer or liquidate the non-exempt property, Lovett shows no concern for the legal expense imposed upon non-party heirs of the decedent estate. Fifth, Lovett is aggressively pursuing actions which are in clearly aimed at running up billable services rather than strictly serving the interest of the Trustee and such wonton cost inflation rises to the detriment of creditors' recovery. Sixth, Lovett's

actions completely disregard Debtor's lawful exemptions and unjustly threatens Debtor's property and interests.

**WHEREFORE,** the foregoing reasons considered, Debtor prays THE COURT enter the proposed order enjoining Trustee and Trustee's counsel, for a period of 14 days, from interfering with the administration of the decedent estate, or demanding transfer of property bequeathed, bestowed, or devised to Debtor by Debtor's grandfather.

Debtor further prays THE COURT order Trustee and Trustee's attorney to diligently explore alternate means of transferring non-exempt property to Trustee that do not impose expense upon the decedent estate.

RESPECTFULLY SUBMITTED,
s/ John Michael Woodruff

JOHN M. WOODRUFF, PH.D.
5237 MEADOW GARDEN LANE
BIRMINGHAM, ALABAMA 35242
JOHN@JOHNWOODRUFF.COM
TEL: (404) 477-4652
FAX: (404) 462-4089

# CERTIFICATE OF SERVICE

Debtor certifies that he has this 19th day of May of 2017 served a copy of this filing upon the party or parties stated below. Pursuant to FRBP 9036, LBR 5005-4, FRCP 5(b), GAMD L.R. 5(b), FRAP 25, and 11th Cir. R. 25-3, the following party or parties are known to participate in electronic filing and will be served by and through THE COURT'S electronic case management system.

> Walter W. Kelley
> Post Office Box 70879
> Albany, Georgia 31708
> (229) 888-9128

The following party or parties not served by THE COURT'S electronic systems have been served on this date by direct electronic mail, by telephonic facsimile, by personal delivery to a responsible party at the location stated, or by conveying the same through, and in the manner required by, the United States Mail addressed as stated.

SO AFFIRMED,
s/ John Michael Woodruff