# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: JOHN M. C. WOODRUFF,<br>Debtor. | §<br>§<br>§ | CASE NUMBER: **17-70070-JTL**<br><br>CHAPTER 7 |

## DECLARATION OF DEBTOR JOHN WOODRUFF AS TO IMMINENT HARM OF ACTIONS UNDERTAKEN BY TRUSTEE

1. My name is John Woodruff and I am the Debtor in the above-styled matter.

2. I filed a *pro se* Chapter 7 bankruptcy petition on or about January 23, 2017.

3. I was contacted on Monday, May 22, 2017 by the law firm of Dominick, Feld, and Hyde, P.C. advising me that I was a beneficiary to the estate of my paternal grandfather, Richard Shaul Woodruff.

4. I immediately notified the Trustee who subsequently sought to appoint the firm of Kelley, Lovett, Blakey & Sanders, P.C.

5. Prior to signing of the order appointing the firm, Attorney Thomas Lovett contacted the law firm representing my grandfather's estate and demanded immediate transfer of all property.

6. I have personally read the email reply from attorney Douglas McWhorter proposing a professional and economical means of transferring the devises to the Trustee.

7. I have personally read the response of Thomas Lovett flatly refusing the proposal and demanding transfer of non-exempt as well as exempt devises.

8. I have personal knowledge that attorneys representing the decedent estate are about to undertake costly legal action in the State of Alabama by bringing the matter before Probate Court.

9. I personally tried to speak with Thomas Lovett to reach a meeting of the minds that will avoid unnecessary legal expense to the non-parties, and Thomas Lovett refused.

10. I also personally notified Thomas Lovett that I would amend my schedules over the weekend to exempt considerable parts of the devises.

11. Nevertheless, Thomas Lovett has this day commenced an adversarial proceeding against the estate and its administrator demanding all devises of the estate—including devises which I have claimed as exempt.

12. Specifically, I was devised an item of furniture, some nineteenth-century books, an amateur stamp collection, a one-time payment of $2,500.00, and 2,575 shares of stock.

13. I have exempted the furniture, the books, the stamp collection, the one-time payment of $2,500.00, and $8,273.23 of the stock.

14. It is my intention to utilize these funds to obtain competent legal counsel.

15. However, I relocated to Birmingham, Alabama since filling the petition and I am unable to locate a bankruptcy attorney in Birmingham who practice in Georgia's Middle District.

16. Thomas Lovett's reckless and unreasonable demands upon the decedent estate not only inflict economic harm to non-parties, but also interferes with my rights to the exempt property which I would need in order to obtain competent legal counsel.

17. Pursuant to FRCP 65, I therefore aver that immediate and irreparable injury will result to myself and to non-parties if this temporary restraining order is not granted.

18. I further aver that pursuant to the specific provisions of 28 U.S.C. § 1746, this declaration is equivalent to the affidavit required by FRCP 65(b)(1)(A).

**IN ACCORDANCE WITH 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, UNDERSTANDING, AND/OR BELIEF. THIS DOCUMENT CONSISTS OF 459 WORDS.**

Executed this 19 day of June, 2017.

John M. Woodruff, Ph.D.