# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE:  JOHN M. C. WOODRUFF, Debtor. | § CASE NUMBER: **17-70070-JTL** § § CHAPTER 7 |

**DEBTOR'S RESPONSE IN OPPOSITION TO CONTINUANCE (DOC 122) AND NOTICES OF HEARING (DOC 121, DOC 123)**

COMES NOW DEBTOR JOHN WOODRUFF in response and opposition to Thomas Lovett's motion to continue and notices of hearing. Wherefore, Debtor states as follows:

1) Thomas Lovett, as counsel for Trustee Walter Kelley, filed a motion (Doc 122) to continue Debtor's Chapter 11 conversion hearing (Doc 106, Doc 115).

## AVOIDANCE OF CANDOR

2) Mr. Lovett contends that he has a scheduling conflict—not the day of the hearing—but rather the day *following* the scheduled hearing.

3) Mr. Lovett further contends that he must travel "out of state" for a deposition, but Debtor finds Mr. Lovett's vagueness as to his actual destination to be rather disconcerting in light of M.D. Ga Standard of Conduct A-3 that an attorney "be truthful about his or her own schedule." Debtor posits that such vagueness is an avoidance of said standard as well as an avoidance of the candor

requirement of Rule 3.3 of the Georgia Rules of Professional Conduct. (Mr. Lovett, after all, practices in Valdosta, Georgia—a mere eleven miles from the Georgia-Florida line—which if it be that Mr. Lovett's deposition is in north Florida, well, he clearly does not need the entire day of December 11 for travel.)

4) Furthermore, it is suspicious that Mr. Lovett heretofore expressed no need to travel on December 11 until the same time that he also requested that a postponement be made to allow him time to first receive responses to his 2004 demand (Doc 122, ¶8).

## ALTERNATE REMEDY AVAILABLE

5) But whether or not Mr. Lovett has a deposition on December 12 is secondary to the fact that a court appearance takes precedence over other matters, both in state and in federal practice.

6) Even if this were not so, Mr. Lovett's request is unsympathetic and without standing as it is the *firm* of Kelley, Lovett, Blakey, and Sanders, P.C. whose employment was authorized by THE COURT (Doc 60). As the primary remedy under M.D. Ga. LBR 9011-1, Mr. Lovett has not shown that all other members of the firm are unavailable.[1] And as of this date, THE COURT's calendars

---

[1] M.D. Ga. LBR 9011-1 requires that "If an attorney cannot attend a hearing or trial, the attorney must make arrangements to protect the client's interest at the hearing in one of the following ways: A. Engage substitute counsel to represent the client. The substitute counsel must be familiar with the case and competent to represent the client in the case. The client must consent to the substitution. B. Obtain a continuance. Contact opposing parties and request a

show that Trustee Kelley himself has no appearances scheduled for December 11 in conjunction with any bankruptcy proceeding. Trustee Kelley is thus able to appear personally on December 11 in the event that the other five members of the firm are unavailable.

DISINGENUOUS AND HYPOCRITICAL

7) Furthermore, in his previous opposition to Debtor's motion for intra-district transfer, Mr. Lovett himself argued that Debtor's Alabama residence was mitigated by Debtor's ability to appear telephonically ("*Since the debtor can appear telephonically, there is no need to transfer the case to Columbus.*" [Doc 83, ¶3]).

8) As the saying about the goose and gander informs all children early in life, Mr. Lovett can certainly appear telephonically since he is clearly not required to appear in any court the day of the scheduled hearing.

[ CONTINUED NEXT PAGE ]

---

continuance of the matter. If a request for continuance is refused by any party, file a motion for continuance and request an expedited hearing on such motion before the beginning of the period of absence <u>with adequate notice of the hearing</u> to opposing parties."

Though not binding upon THIS COURT pursuant to M.D. Ga. LBR 9011-1, it is worth noting that Georgia Uniform Superior Court Rule 17.1 imposes this same requirement: "An attorney shall not be deemed to have a conflict unless: […] the attorney certifies that the matters cannot be adequately handled, and the client's interest adequately protected, by other counsel for the party in the action or by other attorneys in lead counsel's firm; […]."

## HARM TO CREDITORS

9) Mr. Lovett has known of Debtor's December 11 conversion hearing since November 1 (Doc 108, Doc 109) yet he waited until November 29 to request continuance (Doc 122).

10) Debtor perfected service of the notice of hearing upon the creditors on November 9 (see Doc 115). Debtor would argue that Mr. Lovett should be estopped from receiving a continuance since the notice of hearing had been duly sent to all creditors who may be presumed to expect a hearing on December 11. Had Mr. Lovett voiced his desire for an alternate hearing date prior to Debtor's service upon the creditors, the hearing date could have been advanced or postponed and stated accordingly in the notice.

11) Since notice of hearing was served upon the creditors, Debtor further alleges that Mr. Lovett should be required to effect service of his motion for continuance upon all creditors as well.[2] Consistent with M.D. Ga. LBR 9011-1, Debtor does not believe that twenty-one day notice would again be required, but surely a sufficient notice to enable any interested party to make alternate plans for attendance.

[ CONTINUED NEXT PAGE ]

---

[2] As previously cited, M.D. Ga. LBR 9011-1 requires that motions for continuance be made "with adequate notice of the hearing to opposing parties." Since Mr. Lovett did not serve his motion upon all the creditors, it cannot be known if some creditor would have opposed continuance.

12) Even if Mr. Lovett were to send notice the afternoon of Wednesday, December 6, such notice is unlikely to be delivered to all creditors until Saturday, December 9 (or later), which further means that businessespersons planning to attend the Monday, December 11 hearing might not learn of any continuance until actually arriving at the courthouse.

### HARM TO DISINTERESTED PERSONS

13) Debtor counters that the Probate Court of Jefferson County, Alabama is ready to issue final orders on matters brought before it. As the probate court's order must name a party to whom the bequested property shall be delivered, postponing the conversion hearing will result either in further delay in the probate court's order, or in an order which must be subsequently amended to conform to order(s) of the bankruptcy court.

14) Any confusion and/or delay foisted upon the Probate Court of Jefferson County, Alabama harms beneficiaries to the decedent estate and imposes further unnecessary legal costs upon the same.

### HARM TO DEBTOR

15) Mr. Lovett arbitrarily states that the postponement of the conversion hearing is without harm to Debtor.

16) Debtor avers that postponing the hearing by *any* number of days pushes the hearing closer to the Christmas holiday when parties, court personnel

(including His Honor) may be planning to travel. Continuance also pushes the hearing further into winter when the Atlanta-Birmingham-Montgomery corridors are subject to increased probability of sleet and icing and thereby potentiating impediment to Debtor's attendance.

### NONCONFORMING AND INSUFFICIENT NOTICE

17) Mr. Lovett's motion to continue is also not properly before THE COURT in that the notices thereof fail to comply with the mandatory language requirement set forth in M.D. Ga. LBR 9004-1(c)(6).

18) Whether any missing language is consequential or inconsequential, Mr. Lovett's notices of hearing fail to cite the authority for giving such notice as required by M.D. Ga. LBR 9004-1(c)(2).

19) In addition, FRBP 9007(d) requires that notices of hearing be given *seven days before* the hearing. FRBP 9006 states that when calculating a period specified in days, the date of the triggering event is not to be counted. Debtor contends that the date of filing should be construed as the triggering event and that the hearing date itself is not to be counted because such day would be the *day of* the hearing which is not "before" the hearing as required by rule. Therefore, Mr. Lovett's notice of hearing filed on November 29, 2017 is only six days *before* the hearing scheduled for December 6, 2017.

### IMPROPER PURPOSE AND ABUSE OF FRBP 2004

20) Still, Mr. Lovett's true reason for requesting continuance is revealed in the penultimate paragraph of his motion for continuance wherein he writes: "*The debtor should produce the documents described in the 2004 motion at least 7 days before the hearing on the motion to convert to allow the Trustee to prepare for the hearing.*" (Doc 122, ¶8).

21) Debtor submits that this paragraph demonstrates Mr. Lovett's true reason for requesting continuance—to fish for some further reason to oppose Debtor's conversion. Debtor will now show that this is an improper and abusive invocation of FRBP 2004.

22) An examination pursuant to FRBP 2004 "may relate only to the <u>acts, conduct, or property or to the liabilities and financial condition</u> of the debtor, or to any matter which may affect the <u>administration of the debtor's estate, or to the debtor's right to a discharge</u>."

23) Mr. Lovett's 2004 questionnaire (Doc 116) was not filed and served upon Debtor until November 9, which is also the very same day that Debtor amended and perfected service of his conversion motion (Doc 115).

24) In light of this fact, and in light of Mr. Lovett's own statement (*ante*) that a continuation be scheduled with sufficient time to receive the 2004 responses and review them in "prepar[ation] for the hearing," Debtor unequivocally alleges that Mr. Lovett's true intention for the 2004 examination is plain: to fish for ways

to obstruct and oppose Debtor's conversion. <u>This is not a permitted purpose under FRBP 2004</u> and should therefore neither be considered nor granted by THE COURT.

25) Further still, Debtor alleges that the questionnaire filed and served by Mr. Lovett takes the form of civil interrogatories and requests for admission, and that this is not the appropriate form of a 2004 examination. For this reason, Debtor reiterates his position that Mr. Lovett's argument neither be considered nor granted by THE COURT.

<u>PRAYER TO THE COURT</u>

**THE FOREGOING CONSIDERED**, Debtor prays THE COURT deny Mr. Lovett's motion for continuance (Doc 122) and hold invalid Mr. Lovett's notices of hearing (Doc 121, Doc 123).

RESPECTFULLY SUBMITTED,
<u>s/ John Michael Woodruff</u>

JOHN M. WOODRUFF, PH.D.
5237 MEADOW GARDEN LANE
BIRMINGHAM, ALABAMA 35242
JOHN@JOHNWOODRUFF.COM
TEL: (404) 477-4652
FAX: (404) 462-4089

# **CERTIFICATE OF SERVICE**

Debtor certifies that he has this 4th day of December 2017 served a copy of this filing upon the party or parties stated below. Pursuant to FRBP 9036, M.D. Ga. LBR 5005-4, FRCP 5(b), M.D. Ga. LR 5(b), FRAP 25, and 11th Cir. R. 25-3, the following party or parties are known to participate in electronic filing and will be served by and through THE COURT'S electronic case management system.

Thomas D. Lovett, Esq., on behalf of
Kelley, Lovett, Blakey, & Sanders, P.C., Attorneys for Trustee
Post Office Box 1164, Valdosta, GA 31603
(229) 242-8838 • tlovett@kelleylovett.com

Walter W. Kelley, Esq., Chapter 7 Trustee
Post Office Box 70879, Albany, GA 31708
(229) 888-9128 • wkelley@kelleylovett.com

Elizabeth A. Hardy, Esq., Asst. U.S. Trustee
440 Martin Luther King, Jr. Blvd, Suite 302, Macon, GA 31201
(478) 752-3544 • ustp.region21.mc.ecf@usdoj.gov

The following party or parties not served by THE COURT'S electronic systems have been served on this date by direct electronic mail, by telephonic facsimile, by personal delivery to a responsible party at the location stated, or by conveying the same through, and in the manner required by, the United States Postal Service, addressed as stated.

[ INTENTIONALLY BLANK ]

SO AFFIRMED,
s/ John Michael Woodruff