**SO ORDERED.**

**SIGNED this 15 day of May, 2018.**



_____
John T. Laney, III
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | : | BANKRUPTCY CASE |
| | : | |
| JOHN MICHAEL CHRISTIAN WOODRUFF, | : | NO. 17-70070-JTL |
| | : | |
| Debtor. | : | Chapter 7 Proceeding |

**ORDER GRANTING AMENDED MOTION TO SELL PROPERTY SUBJECT TO LIENS AND OTHER CLAIMS**

The Chapter 7 Trustee in the above case, Walter W. Kelley ("Trustee") filed an amended motion to sell property subject to liens and other claims. Notice of the motion was provided to the Debtor, creditors and other interested parties. For good cause shown, it is

ORDERED that the Trustee's motion is granted under 11 U.S.C. § 363(b). The Trustee is authorized to sell the Trustee's right, title and interest in and to the following described property subject to liens and other claims in the manner described in the motion to Richard L. Woodruff and as provided below:

_Sale of Stock of The Southern Company_

The Trustee is authorized to sell to Richard L. Woodruff the number of shares of stock to be distributed to the Trustee by the Personal Representative of the Probate Estate of Richard S. Woodruff minus the number of shares which equals the amount of the Debtor's allowed exemption in his bankruptcy case. The purchase price which Richard L. Woodruff shall pay to the Trustee is the number of shares (including any fractional shares) sold by the Trustee to Richard L. Woodruff multiplied by the price per share as published by the New York Stock Exchange ("NYSE") on the close of business on the date of the entry of this order (or at the close of the next business day which the NYSE is open if the order is entered on a day the NYSE is closed). The Trustee shall provide Richard L. Woodruff with a statement showing the number of shares to be sold, closing price per share published by the NYSE and the total purchase price for the shares to be sold.

*Sale of Stamp Collection*

The Trustee is authorized to sell to Richard L. Woodruff the "stamp collection" to be distributed to the Trustee by the Personal Representative of the Probate Estate of Richard S. Woodruff. The purchase price which Richard L. Woodruff shall pay to the Trustee for the "stamp collection" shall be the sum of $5,000. The "stamp collection" shall be sold as-is in its current condition and the sale is without any warranty or representation related to quality, value, contents or condition of the "stamp collection."

It is further

ORDERED that if the sale of the stock and stamp collection to Richard L. Woodruff does not close for any reason and the Trustee does not file a motion to sell the stock and stamp collection to another party, the Trustee is authorized to liquidate the stock shares not claimed exempt and abandon his interest in the stamp collection. The stock will be liquidated subject to liens and other claims. Since the stock is currently held in a brokerage account managed by Wells Fargo Financial, the Trustee is authorized to employ EVAN PRICE and STIFEL NICOLAUS & COMPANY, INCORPORATED, 800 Shades Creek Parkway, Suite 750, Birmingham, AL 35209 for the specific purpose of assisting the Trustee in liquidating the stock. To liquidate the stock, the Trustee is authorized to open a new brokerage account in the Trustee's name at STIFEL NICOLAUS

& COMPANY, INCORPORATED and cause the stock shares to be transferred from Wells Fargo Financial to the Trustee's account at STIFEL NICOLAUS & COMPANY, INCORPORATED and liquidate the stock shares so the Trustee may receive the net liquidation proceeds after payment of the fee amount owed to STIFEL NICOLAUS & COMPANY, INCORPORATED.

Since the debtor expressed a desire that the Trustee not sell or liquidate those number of shares of stock up to the $8,273.23 amount of the debtor's allowed exemption, the Trustee shall not sell or liquidate that number of shares up to $8,273.23 based on the price per share on the date the stock is sold or liquidated [3] The shares not sold or liquidated may remain in the Wells Fargo Financial account.

### END OF DOCUMENT

Prepared by:
Thomas D. Lovett, Attorney for Trustee
P.O. Box 1164
Valdosta, Georgia 31603
(229) 242-8838
Georgia Bar No.459571

---

[3] For example, if the share price is $45 per share, Trustee will not transfer or liquidate 183 shares, which equals $8,235, the highest value amount not exceeding the exempt amount. The 183 shares will remain in the Wells Fargo Financial account for the debtor. After liquidation, the Trustee would then disburse $38.23 to the debtor representing the balance of the debtor's $8,273.23 allowed exempt amount.