**SIGNED this 22 day of October, 2018.**



_____
John T. Laney, III
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| In re: | * | |
| JOHN MICHAEL CHRISTIAN WOODRUFF, | * | CHAPTER 7 |
| Debtor, | * | Case Number: 17-70070-JTL |
| | * | |

### MEMORANDUM OPINION ON THE DEBTOR'S
### MOTION TO SET ASIDE, RECONSIDER OR RE-HEAR

On September 27, 2018, the Debtor filed a Motion to Set Aside, Reconsider or Re-Hear ("the Motion") (Doc. No. 236). The Debtor sought reconsideration of all of the Court's orders entered between April 16 and August 29, 2018. Those orders include: (1) the Order Denying the Debtor's Motion for Turnover, Damages and Sanctions (Doc. No. 213); (2) the Order Granting the Trustee's Motion to Sell Estate Property (Doc. No. 217); (3) the Order Granting the Trustee's Application to Employ an Accountant for the Estate (Doc. No. 224); (4) the Order Granting the

Trustee's Objection to Proof of Claim No. 7 (Doc. No. 229); and (5) the Order Granting the Trustee's Application for Compensation (Doc. No. 232) (collectively "the Contested Orders").[1]

The Debtor noticed a hearing to interested parties (Doc. No. 238). Walter Kelley, the Chapter 7 Trustee ("the Trustee"), opposed the Motion. On October 16, 2018, the Court held a hearing on the matter ("the Hearing"), which both parties attended telephonically. Upon concluding the Hearing, the Court took the matter under advisement. The Court determines that the Debtor failed to meet his burden of proof and, accordingly, denies the Motion. Additionally, at the conclusion of the Hearing the Debtor requested that, if the Court was inclined to deny the Motion, the Hearing be continued so that he could present evidence. The Court also denies this request. This memorandum opinion explains the Court's reasoning.

## I. PROCEDURAL POSTURE AND CONTENTIONS

The Debtor voluntarily filed a petition seeking Chapter 7 relief on January 23, 2017 (Doc. No. 1). After the Debtor disclosed an inheritance that became property of the bankruptcy estate, the Trustee filed a Report of Possible Assets (Doc. No. 53). The Trustee subsequently began his liquidation of the bankruptcy estate. Since this disclosure, the Debtor has vehemently opposed the Trustee's liquidation of the inherited assets.[2] This opposition continued until April 25, 2018, when the Debtor failed to appear at the hearing on his Motion for Turnover (Doc. No. 22). Between this point and when the Debtor filed the Motion now before the Court, the Debtor neither appeared nor filed any document in this case. During this period of time, the Trustee

---

[1] Upon questioning, the Debtor confirmed he did not seek reconsideration on the Order Authorizing the Trustee to Disburse Exempt Funds to the Debtor (Doc. No. 225). The Debtor stated, however, that his concession on this order should not be interpreted as consent to the Court's entry of its Order Granting the Trustee's Motion to Sell Estate Property. The Court will not make that interpretation.

[2] The Court's prior Memorandum Opinion outlines some of the Debtor's opposition to the Trustee's efforts at liquidation (Doc. No. 166). The issue now before the Court does not require a complete recitation of the Debtor's opposition. The Court only notes the Debtor has opposed the Trustee's efforts and is aware of the Court's customs.

continued to file various motions while fulfilling his duty to liquidate assets of the bankruptcy estate. These motions were unopposed and the Court entered the Contested Orders.

At the Hearing, the Debtor stated he was incarcerated in Shelby County, Alabama between April 21 and September 13, 2018. While there, the Debtor contends he was unable to access the internet to monitor this case's docket and was unable to communicate with the Court through phone, mail, or other electronic means of communication. The Debtor also made other allegations regarding the merits of the Trustee's various motions. These allegations included: that the Trustee sold estate property to an individual who allegedly lacked the mental capacity to enter into an enforceable transaction; that the rate charged by Trustee's accountants allegedly exceeded industry standards because the services were not subject to an open-bid process; and, that the Trustee allegedly sold assets below their market value because the transferee would have only accepted the Trustee's offer if the transferee could resell the property for "ten-times" the purchase price.

As the parties appeared telephonically, the Court only permitted presentations of legal arguments and prevented both parties from offering evidence or giving sworn testimony supporting or refuting these allegations. This has been the Court's policy throughout this case. The Court and its staff have clearly stated to the parties that, if they intend to put on evidence, they must personally appear before the Court. The Court's prior memorandum opinion in this case even noted this policy.[3] With only legal arguments and unsubstantiated allegations before it, the Court has very little evidence to evaluate the merits of the Motion. The Trustee does not

---

[3] To quote the memorandum opinion: "As the Court made clear to the Debtor on this and previous occasions, the Debtor's telephonic attendance prevented him from submitting any evidence or cross-examining any witness. Accordingly, the Court only admitted the Trustee's evidence. The Court did allow the Debtor to make legal arguments." (Doc. No. 166, pg. 5)

3

dispute that the Debtor was incarcerated between this period of time. As such, the duration of the Debtor's incarceration is the only evidence before the Court in this matter.

**II.    GROUNDS FOR RELIEF UNDER FRBP 9024 AND CONCLUSIONS OF LAW**

Federal Rule of Bankruptcy Procedure 9024 applies Federal Rule of Civil Procedure 60 in all cases under the Bankruptcy Code, subject to limitations which are not applicable to the issue before the Court. In relevant part, Rule 60(b) provides: "On motion and just terms, the court may relieve a party from a judgment, order, or proceeding for… (1) mistake, inadvertence, surprise, or excusable neglect." FRCP 60(b)(1).

In Federal Courts "there is a strong policy of determining cases on their merits." *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984). Still, a defaulting party is not entitled to relief from default as a matter of course. *See Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (stating relief under Rule 60 "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances"). The defaulting party has the burden of demonstrating: "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for [the default]." *Valdez v. Feltman (In re Worldwide Web Sys.)*, 328 F.3d 1291, 1296 (11th Cir. 2003) (quoting *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)).

To show a meritorious defense, the defaulted party must offer evidence demonstrating his defense is "likely to be successful." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1133 (11th Cir. 1986). A general denial of the alleged facts is insufficient if not accompanied with some indication that the defaulted party could successfully prove the defenses at trial. *Id.* The *Valdez* case is particularly relevant to the issue currently before the Court.

4

There, the defaulted-defendant sought relief from a judgment in an adversary proceeding, but failed to appear at the hearing on the matter and, instead, relied on its untimely filed answer as grounds for Rule 60 relief. 328 F.3d at 1296. The *Valdez* court affirmed the trial court's holding that the defaulted-defendant must demonstrate more than a general denial to obtain relief from default. *Id.* Here, the Debtor has only made unsworn oral allegations regarding the merits of the Trustee's claims. Although the Debtor attended the hearing telephonically, he gave no indication that he could offer evidence to successfully support those allegations if the Court were to hear a full presentation of the evidence. The Debtor's allegations are ultimately only general denials of the Trustee's contentions in his motions—albeit, made orally as opposed to being made in a written answer as in the *Valdez* case. The Debtor's allegations are, at best, putative defenses to the Trustee's motion; there is no evidence the putative defenses have any merit. Further, the Debtor did not address whether granting the Motion would prejudice the Trustee.

Regarding the Debtor's reason for default, he contends he did not have any means to communicate with the Court while incarcerated. This could be true; but it could also be true that the Debtor could have mailed a written notice of his incarceration to the Court and requested a stay of proceedings in the case. The Court has no basis to assess the truth of the Debtor's contention and was not able to ask questions to the Debtor while he was under oath and personally before the Court. The Court only has the undisputed fact of the Debtor's incarceration to support the Debtor's contentions. While incarceration can be a basis for finding excusable neglect, the defaulted party's imprisonment alone is not dispositive. *See Klapprott v. U.S.*, 335 U.S. 601, 602-03 (1949) (listing imprisonment as one of the factors for granting the defendant's Rule 60(b) motion); *see also Hettler v. Miller (In re Kahn)*, 2000 WL 34494803 *1

5

(D. Minn. Dec. 27, 2000) (finding a party's incarceration did not provide a basis to find excusable neglect).

### III. CONCLUSION

The Debtor has the burden of showing cause for relief from the Contested Orders. Although the Debtor did contend he had bases to oppose the Trustee's motions, these defenses were general and unsupported by sworn testimony or other corroborating evidence. As such, the Court does not find the Debtor's defenses are meritorious. Likewise, the Debtor did not adequately demonstrate cause for relief. The Debtor did not carry his burden and the Court must deny the Motion.

Regarding the Debtor's request to continue the Hearing—had this been a case where a *pro se* party had had limited interactions with the Court, the Court would have been inclined to continue the Hearing. The Debtor, however, has been very active in this case and is well-aware of the Court's policy on telephonic hearings. Moreover, this is not a case where a party was unaware a question of fact would arise. The Debtor acknowledged that whether the Court should grant him relief from the Contested Orders was largely a question of fact. Because the Debtor was aware of a factual question and aware that the Court would require him to personally appear to present evidence, the Court denies the Debtor's request to continue this hearing to present evidence. Indeed, the Court believes that continuing the hearing would only further delay resolution in this case.