# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE:  JOHN M. C. WOODRUFF, | § | CASE NUMBER: **17-70070-JTL** |
| Debtor. | § | |
| | § | CHAPTER 7 |

## DEBTOR'S MOTION TO RECONSIDER

COMES NOW DEBTOR JOHN WOODRUFF in motion to reconsider The Court's denial (Doc 243) of his motion (Doc 236). Wherefore, Debtor states as follows:

1. Debtor alleges that The Court disquietingly propounds a *post hoc ergo propter hoc* reasoning in its memorandum opinion and order.

2. For example, The Court finds that incarceration may qualify as excusable neglect and admits that the fact of incarceration is undisputed, but then declares that such fact is not dispositive and that The Court had "no basis to assess the truth of the Debtor's contention."

3. The Court, however, had *exhibited* before it a letter of incarceration, and while The Court states that it had no "evidence" before it since the parties did not personally appear, The Court nevertheless had the discretion to take judicial notice of that which tends to prove the truthfulness of alleged facts. And since the parties did not dispute the fact of incarceration, The Court's election to refuse judicial notice is tantamount to arbitrariness, which by extension circuitously approaches abuse of discretion.

4. Though bankruptcy is neither a state nor a criminal forum, The Court cannot be regarded as unaware of the character of either venue. Though the Alabama court has orally ruled that it is granting the state-defendant/federal-debtor's motion to dismiss the state charge against him, the state court has not recorded that order and thus the state-defendant/federal-debtor continues to be bound by the conditions of the state court, namely, that he not depart the State of Alabama. Therefore, absent a superior order from the federal bankruptcy court, the defendant/debtor cannot appear before the bankruptcy court to proffer evidence which would satisfy the bankruptcy court without risking further incarceration. Thus the defendant/debtor would be obliged to decide between state liberty and exercise of federal rights. The long and short of the bankruptcy court refusal to continue the matter, therefore, would seem to be that the bankruptcy court is unconcerned and perhaps bemused by the fact that an inferior state court deprives the debtor of access to the federal court where (and only where) he may prosecute his non-criminal claims. A federal bankruptcy court is not the venue to hash out neither the intricacies nor the generalities of state criminal procedure.[1]

---

[1] The bankruptcy court has also noted at various times the rancor between the trustee, the trustee's counsel, and the debtor. Had the debtor appeared before the bankruptcy court without the immunization of a superior federal order, the fact of such appearance would plainly appear upon the record and given the perpetual contempt and ungentlemanliness shown by the trustee and trustee's counsel toward Debtor, it is a foregone certainty that the trustee or his counsel would communicate Debtor's violation of the conditions of his release to the state court in hopes of imposing further incarceration upon Debtor. It is also clear from some of the banter between The Court and Trustee's counsel that there had been prior

5. As for proffering evidence, the standard must be a probabilistic one, not an absolute, and certainly not a *post hoc ergo propter hoc* one. By way of example, the facts of the mental incapacity to purchase the assets would best be proven by subpoena either of the medical records of the purchaser or of the purchaser himself to give testimony. But because such records or testimony would be so tenuous to the motion actually before the bankruptcy court, it is probable that such subpoena would be quashed. Therefore, even if debtor could appear before the bankruptcy court, his ability to present evidence that this court would deem acceptable is impaired by the disconnect of the motion to the issues.

6. The Court also premises its decision upon a doctrine that Rule 60 relief should not "result in prejudice to the non-defaulting party." This, however, would seem wholly indifferent to the prejudice that *not* granting Debtor's motion causes the creditors in the matter. This is to say, the trustee sought and received compensation for a meritless adversary proceeding about which there is indeed a meritorious question of unjust enrichment and diminution of assets that are properly passed to the creditors.

---

    discussions in which the trustee had advised The Court that Debtor had not cashed a check issued by the trustee to the debtor. By the fact of having raised that issue to The Court, the trustee had general knowledge that some external forces acted upon the debtor but the trustee barreled along hoping to gain each and every advantage that he could. Why then would trustee's counsel not seize upon another opportunity to impose further disability upon the debtor?

7. For the foregoing reasons, and other points less worthy of mention, Debtor prays The Court reconsider its ruling.

**WHEREFORE, FOR THE FOREGOING REASONS AND OTHER POINTS LESS OWRTHY OF MENTION,** Debtor prays The Court reconsider its ruling.

RESPECTFULLY SUBMITTED,
s/ John Michael Woodruff

JOHN M. WOODRUFF, PH.D.
5237 MEADOW GARDEN LANE
BIRMINGHAM, ALABAMA 35242
JOHN@JOHNWOODRUFF.COM
TEL: (404) 477-4652
FAX: (229) 469-1207

# **CERTIFICATE OF SERVICE**

Debtor certifies that he has this 5th day of November 2018 served a copy of this filing—together with all memoranda, exhibits, attachments, and notices—upon the party or parties stated below. Pursuant to FRBP 9036, M.D. Ga. LBR 5005-4, FRCP 5(b), M.D. Ga. LR 5(b), FRAP 25, and 11th Cir. R. 25-3, the following party or parties are known to participate in electronic filing and will be served by and through THE COURT's electronic case filing and management system.

Thomas D. Lovett, Esq., on behalf of the fictitious entity
Kelley, Lovett, Blakey, & Sanders, P.C., Attorneys for Trustee
Post Office Box 1164, Valdosta, GA 31603
(229) 242-8838 • tlovett@kelleylovett.com

Walter W. Kelley, Esq., Chapter 7 Trustee
Post Office Box 70879, Albany, GA 31708
(229) 888-9128 • wkelley@kelleylovett.com

Elizabeth A. Hardy, Esq., Assistant United States Trustee
440 Martin Luther King, Jr. Blvd, Suite 302, Macon, GA 31201
(478) 752-3544 • ustp.region21.mc.ecf@usdoj.gov

The following party or parties not served by THE COURT's electronic systems have been served on this date by direct electronic mail, by telephonic facsimile, by personal delivery to a responsible party at the location stated, or by conveying the same through, and in the manner required by, the United States Postal Service, addressed as stated.

[ INTENTIONALLY BLANK ]

SO AFFIRMED,
s/ John Michael Woodruff

JOHN M. WOODRUFF, PH.D.
5237 MEADOW GARDEN LANE
BIRMINGHAM, ALABAMA 35242
JOHN@JOHNWOODRUFF.COM
TEL:  (404) 477-4652
FAX: (229) 469-1207