# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE:  JOHN M. C. WOODRUFF,  Debtor. | §  CASE NUMBER: **17-70070-JTL**  §  §  CHAPTER 7 |

## MOTION FOR CLARIFICATION OF DISCHARGE

COMES NOW DEBTOR JOHN WOODRUFF in motion for special clarification of discharge in the hereinstyled proceeding. Wherefore, Debtor states as follows:

1. On February 19, 2019, Debtor received correspondence from the servicer of his educational debt that suggests the need for clarification of The Court's order of discharge.

2. 11 U.S.C. § 523 enumerates various debts which are not dischargeable in bankruptcy such as tax and educational debt.

3. However, it is well established that interest and penalties arising from tax debt are discharged while the actual tax debt is not.

4. 11 U.S.C. § 523 is silent as to any distinction of educational debt principal and interest, fees, and penalties arising therefrom.

5. In the instant bankruptcy proceeding, Debtor's educational debt includes approximately $70,000 of capitalized interest, fees, and penalties.

6. Such capitalization of interest, fees, and penalties create a reverse and/or negative amortization which will continue in exponential growth on any income-based or income-contingent repayment plan.

7. Such reverse and/or negative amortization materially defeats the purpose of the fresh start of bankruptcy proceedings and requires resolution before Debtor can consolidate his educational debt.

8. Debtor alleges that if the principles of tax debt were applied to educational debt then Debtor's discharge should also discharge interest, fees, and penalties of educational debt.

9. Debtor alleges further that, for purposes of analysis, hardship test(s) would not apply to a determination of dischargeability of interest, fees, and penalties arising from educational debt.

**WHEREFORE, THE FOREGOING CONSIDERED**, Debtor prays The Court issue an order specifically discharging non-principal interest, fees, and penalties arising from educational debt principal.

**IN THE ALTERNATE**, Debtor prays The Court issue an order clarifying whether resolution of the question should be obtained through adversarial proceeding(s).

RESPECTFULLY SUBMITTED,
s/ John Michael Woodruff

JOHN M. WOODRUFF, PH.D.
5237 MEADOW GARDEN LANE,
BIRMINGHAM, ALABAMA 35242
LEGAL@JOHNWOODRUFF.COM
TEL: (404) 477-4652
FAX: (229) 469-1207

# **CERTIFICATE OF SERVICE**

Debtor certifies that he has this 25th day of February 2019 served a copy of this filing—together with all memoranda, exhibits, attachments, and notices—upon the party or parties stated below. Pursuant to FRBP 9036, M.D. Ga. LBR 5005-4, FRCP 5(b), M.D. Ga. LR 5(b), FRAP 25, and 11th Cir. R. 25-3, the following party or parties are known to participate in electronic filing and will be served by and through THE COURT's electronic case filing and management system.

Thomas D. Lovett, Esq., on behalf of the fictitious entity
Kelley, Lovett, Blakey, & Sanders, P.C., Attorneys for Trustee
Post Office Box 1164, Valdosta, GA 31603
(229) 242-8838 • tlovett@kelleylovett.com

Walter W. Kelley, Esq., Chapter 7 Trustee
Post Office Box 70879, Albany, GA 31708
(229) 888-9128 • wkelley@kelleylovett.com

Elizabeth A. Hardy, Esq., Assistant United States Trustee
440 Martin Luther King, Jr. Blvd, Suite 302, Macon, GA 31201
(478) 752-3544 • ustp.region21.mc.ecf@usdoj.gov

The following party or parties not served by THE COURT's electronic systems have been served on this date by direct electronic mail, by telephonic facsimile, by personal delivery to a responsible party at the location stated, or by conveying the same through, and in the manner required by, the United States Postal Service, addressed as stated.

[ INTENTIONALLY BLANK ]


SO AFFIRMED,
s/ John Michael Woodruff

JOHN M. WOODRUFF, PH.D.
5237 MEADOW GARDEN LANE
BIRMINGHAM, ALABAMA 35242
LEGAL@JOHNWOODRUFF.COM
TEL: (404) 477-4652
FAX: (229) 469-1207

4