**SO ORDERED.**

**SIGNED this 20 day of March, 2019.**



_____
**John T. Laney, III**
**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| In Re: | * | Case No. 17-70070-JTL |
| | * | |
| John Michael Christian Woodruff, | * | Chapter 7 |
| | * | |
| Debtor. | * | |

### ORDER DENYING MOTION FOR CLARIFICATION OF DISCHARGE

The above-captioned Motion came on for hearing before the Court as scheduled on March 19, 2019. The Court noted that there was no service on the student loan creditor. Therefore, no relief could be granted in this Motion which would determine the dischargability of any portion of the student loan debt. The Court also noted that some of the assumptions in the Debtor's Motion relating to indebtedness to the Internal Revenue Service might be contrary to the law in the 11th Circuit as set forth In Re: Burns, 887 F.2d 1541 (1989).

It appears that this is an adversary proceeding asking either for a declaratory judgment or to determine the dischargability of interest and penalties related to a student loan indebtedness. Actions in bankruptcy courts for determination of dischargabilty of debt or for a declaratory

judgment must be brought in an adversary proceeding with appropriate service on adverse parties.  FRBP 7001.

Therefore, the Motion is denied because it was not brought as an adversary proceeding and because adverse parties were not served.  The Court does not reach the merits of the Motion.

In order to allow the Debtor time, if he wishes to do so, to file an adversary proceeding, the Clerk's Office is directed not to close this bankruptcy case until 30 days after the date of this Order.

END OF ORDER