IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| In re: | : |
| | : BANKRUPTCY CASE |
| JOHN MICHAEL CHRISTIAN WOODRUFF | : |
| | : NO. 17-70070-JTL |
| | : |
| Debtor | : CHAPTER 7 |

### NOTICE OF HEARING

Walter W. Kelley, Trustee filed a Motion for Sanctions against the Debtor under Bankruptcy Rule 9011.

**YOUR RIGHTS MAY BE AFFECTED.** You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. **If you do not have an attorney, you may wish to consult one.** If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the motion [or other type of pleading] may be obtained upon written request to counsel for the Movant (identified below) or at the Clerk's office.

If you do not want the court to grant the relief sought, or if you want the court to consider your views on the motion, then you or your attorney shall attend the hearing scheduled to be held on:

**Wednesday, September 18, 2019 at 10:30 A.M. in the United States Bankruptcy Court, U.S. Federal Building, 401 N. Patterson Street, Valdosta, Georgia.**

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

The 13th day of August, 2019.

/s/ Thomas D. Lovett
THOMAS D. LOVETT (SBN 59571)
Attorney for Trustee
Kelley, Lovett, Blakey & Sanders, .C.
P.O. Box 1164
Valdosta, GA 31603-1164
(229) 242-8838
tlovett@kelleylovett.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: | : | BANKRUPTCY CASE |
| | : | |
| JOHN MICHAEL CHRISTIAN WOODRUFF, | : | NO. 17-70070-JTL |
| | : | |
| Debtor. | : | Chapter 7 Proceeding |

## **TRUSTEE'S MOTION FOR SANCTIONS UNDER BANKRUPTCY RULE 9011**

Comes now Walter W. Kelley, Trustee ("*Trustee*") and moves the Court to issue sanctions against John Woodruff ("*debtor*") under *Bankruptcy Rule* 9011 for the reasons stated below:

-1-

The debtor filed a voluntary Chapter 7 petition on January 23, 2017.

-2-

This Court has jurisdiction over this matter under *Bankruptcy Rule* 9011. Venue is proper in this Court according to 28 U.S.C. § 1409.

-3-

This motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

-4-

The debtor filed a motion for contempt against the Trustee and Richard L. Woodruff [docket 288].

-5-

The debtor's motion does not support a finding of contempt because the motion fails to identify any order which the Trustee violated. Nor does the motion show clear and convincing evidence to support a contempt claim. A party may only be held in contempt for violating an order only when the order is clear, definite, and specific. *E.g., Acosta v. Jasper Contractors, Inc.*, No. 1:16-CV-3845-LMM-JSA, 2017 WL 8186721, at *3 (N.D. Ga. July 24, 2017) ("A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.") (quoting *S.E.C. v. First Fin. Grp. Of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)); *United States v. Koblitz*, 803 F.2d 1523, 1527

(11th Cir. 1986) (citations omitted) ("A civil contempt order can only be upheld if it is supported by clear and convincing evidence that (1) the underlying order allegedly violated was valid and lawful, (2) the underlying order was clear, definite, and unambiguous, and (3) the contemnor had the ability to comply with the underlying order [.]").

-6-

The debtor's motion states, in paragraphs 7 and 8 as follows:

> 7. On March 16, 2019 Debtor received the abandoned devises of physical property at which time it was discovered that contents of the breakfront cabinet had been removed. It was later ascertained that said contents were removed by, and were in the possession of, Richard L. Woodruff.
> 8. Richard L. Woodruff stated to Debtor and to Douglas McWhorter, Esq (attorney for the decedent estate) that the sale agreement between Trustee Walter Kelley and Richard L. Woodruff included contents removed from the breakfront cabinet.

Debtor's *Motion for Contempt* [docket 288].

-7-

The debtor's motion maliciously claims the Trustee deprived the debtor of the contents of a breakfront cabinet, which he claimed exempt. The motion claims Richard L. Woodruff *stated* the sale agreement included contents of the breakfront cabinet. However, the undisputed record in this case shows 1) the sale agreement did not include the contents and 2) the Trustee did not sell the contents Richard L. Woodruff.

-8-

For example, on April 19, 2018 the Trustee filed an amended notice of abandonment to state he was abandoning his interest in the breakfront cabinet *and its contents* [docket 207]. The notice was served on the debtor.

-9-

Further, the Trustee filed an amended motion to sell 2,387 shares of Southern Company stock and a stamp collection to Richard L. Woodruff [docket 209]. Attached to the amended motion as *Exhibit "A"* was a written sale agreement between the Trustee and Richard L. Woodruff [docket 211]. The sale motion and written sale agreement plainly show the sale *did not include* the breakfront cabinet or its contents.

-10-

The Court entered an order [docket 217] granting the Trustee's amended sale motion which authorized the Trustee to sell

> Richard L. Woodruff the "stamp collection" to be distributed to the Trustee by the Personal Representative of the Probate Estate of Richard S. Woodruff. The purchase price which Richard L. Woodruff shall pay to the Trustee for the "stamp collection" shall be the sum of $5,000. The "stamp collection" shall be sold as-is in its current condition and the sale is without any warranty or representation related to quality, value, contents or condition of the "stamp collection."

> *Order granting amended motion to sell property subject to liens and other claims* [docket 217].

-11-

After the sale order was entered, the Trustee sold the stamp collection to Richard L. Woodruff and filed a report of sale which stated as follows: "Under the order dated May 15, 2018 [docket 217], the Trustee sold a stamp collection for five thousand dollars ($5,000.00)…as outlined in the May 15, 2018, Order attached as Exhibit "A" [docket 220].

-12-

The record in this case thus shows the Trustee did not agree to sell the breakfront or its contents to Richard L. Woodruff. On the contrary, the Trustee *abandoned* his interest in the breakfront and its contents. Considering the multiple pleadings referred to above, there is no basis to support paragraph 8 of the contempt motion that *"the sale agreement between Walter Kelley and Richard L. Woodruff included contents removed from the breakfront cabinet"* [docket 288].

-13-

The assertions in paragraph 9 of the debtor's motion are false. In paragraph 9, the motion states that, after Douglas McWhorter advised the Trustee of Richard L. Woodruff's *"contentions concerning the scope of the sale,"* the Trustee *"offered no rebuttal or denunciation of the claims made by Richard L. Woodruff"* [docket 288]. In fact, the Trustee e-mailed Douglas McWhorter and Bob Cornelius, counsel for Richard L. Woodruff on March 21, 2019 to state the Trustee sold the stamp collection to Richard L.

Woodruff and not any contents of the breakfront cabinet. The Trustee's e-mail to McWhorter and Cornelius stated as follows:

> 1. [The debtor] scheduled in his bankruptcy petition (by amendment) an amateur stamp collection; he claimed up to $300 value under Georgia Homestead Exemptions in Schedule C;
>
> 2. That [I] viewed the stamps in the bottom of the breakfront, confirmed from Richard Woodruff that they were duplicates of those in the collection he received from his father, and/or used, and had no value;
>
> 3. That [I] intended to abandon the stamps in the bottom of the breakfront, along with the breakfront and its other contents, as worthless, exemptible or as to the duplicate/ used stamps, the value did not exceed $300;
>
> 4. That [I] intended to sell only the stamps in Richard's possession to Richard, and not those in the breakfront; Richard expressed no interest in the duplicate/used stamps, only the collection he alleged to be his by virtue of the inter vivos gift from his father;
>
> 5. And that, if allowed to express [my] opinion, that opinion would be that [the debtor] was entitled to the stamps in the bottom of the breakfront as a part of its "contents" which [I] abandoned or the property he exempted under Sch.C "amateur stamp collection" up to $300.
>
> *Walter W. Kelley's March 21, 2018 e-mail to Douglas McWhorter and Bob Cornelius.*

-14-

Any dispute relating to contents of the breakfront cabinet involves the debtor and Richard L. Woodruff. It does not involve the Trustee. The Trustee did not sell the contents to Richard L. Woodruff. The Trustee did not authorize the contents to be removed by Richard L. Woodruff. The Trustee did not "collude" with Richard L. Woodruff to deprive the debtor of the contents.

-15-

The debtor has not contacted the Trustee to ask about the contents of the breakfront cabinet. The debtor did not contact the Trustee before he filed his motion to inquire or verify if any of the debtor's assertions were true.

-16-

The debtor's motion asking this Court to find the Trustee in contempt was filed with no factual basis or grounds to support it and violates *Bankruptcy Rule* 9011(b) for the following reasons:

a. It was filed for an improper purpose, including, but not limited to bad faith, to harass the Trustee, to create unnecessary litigation and to cause the Trustee to incur costs and attorney fees;

b. The claims made in the motion do not warrant a finding of contempt based on applicable law;

c. The allegations made in the motion have no evidentiary support and are not likely to have evidentiary support after further investigation or discovery; and

d. The factual contentions in the motion are not warranted on the evidence and are not reasonably based on lack of information or belief.

-17-

As a final observation, the Trustee notes that the notice of abandonment of the breakfront and its contents was filed and served on the debtor on *April 19, 2018* [docket 207]. According to the debtor's motion, the debtor failed to take possession of the breakfront until *March 16, 2019*, nearly 11 months after the abandonment. The breakfront and its contents were never in the Trustee's possession. The debtor's delay in failing to take possession of the breakfront and its contents is not a basis for a contempt motion against the Trustee.

-18-

The Trustee served the debtor with this Trustee's motion for sanctions under bankruptcy rule 9011 by ECF and first class mail on May 8, 2019. Except for this paragraph, the Trustee's motion for sanctions served on the debtor was the same as this motion. The debtor withdrew the motion for contempt against the Trustee on June 18, 2019 [docket 298], one day before the scheduled hearing on June 19, 2019 on the debtor's contempt motion. The contempt motion was withdrawn 42 days after the Trustee served the debtor with the Trustee's motion for sanctions under bankruptcy rule 9011.

WHEREFORE, the Trustee prays that all sanctions be assessed against the debtor which are allowed under *Bankruptcy Rule* 9011, including but not limited to actual damages and attorney fees and expenses and that the Trustee have all other and further relief as is just and fair.

Respectfully submitted, this 12th day of August, 2019.

/s/ Thomas D. Lovett
THOMAS D. LOVETT
Attorney for Plaintiff/Trustee
Post Office Box 1164
Valdosta, GA 31603
(229) 242-8838
State Bar ID No. 459571
tlovett@kelleylovett.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| In re: | : | BANKRUPTCY CASE |
|---|---|---|
| JOHN MICHAEL CHRISTIAN WOODRUFF, | : | NO. 17-70070-JTL |
| Debtor. | : | Chapter 7 Proceeding |

## CERTIFICATE OF SERVICE

I certify that the following parties have been served with **Trustee's Motion for Sanctions Under Bankruptcy Rule 9011** and **Notice of Hearing**. Those not served by electronic means by the court's electronic filing system have been served by electronic mail or by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon this 13th day of August, 2019.

Debtor, John M. Woodruff
5237 Meadow Garden Lane
Birmingham, Alabama 35242

Debtor John Woodruff
Via email to John@johnwoodruff.com and legal@johnwoodruff.com

ELIZABETH A. HARDY
U. S. TRUSTEE'S OFFICE
Ustp.region21.mc.ecf@usdoj.gov

/s/ Thomas D. Lovett
Thomas D. Lovett
Attorney for Trustee
Kelley, Lovett, Blakey & Sanders, P.C.